[766 NYS2d 210]

In the Matter of FRANK E. REDL, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, August 25, 2003

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*Sall, Caltagirone & Coleman*, Poughkeepsie (*David B. Sall* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition containing eight charges of professional misconduct. Charges One through Three relate to the federal government's investigation into public corruption in the Town of Poughkeepsie at a time when the respondent was Deputy Town Attorney. Charges Four, Six, Seven, and Eight were withdrawn.

After a preliminary conference and hearings conducted over several days, the Special Referee sustained Charges One, Two, and Three but did not sustain Charge Five. The petitioner now moves to confirm the findings of the Special Referee with respect to Charges One, Two, and Three and to disaffirm with respect to Charge Five, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent moves to disaffirm the Special Referee's report with respect to Charges One, Two, and Three, to confirm with respect to Charge Five, and to declare the petition dismissed in its entirety.

Charge One alleges that the respondent gave false information to federal authorities conducting an official investigation, which constitutes conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

On or about July 16, 1997, the respondent, who was the Deputy Town Attorney for the Town of Poughkeepsie, was invited to a dinner meeting with William Paroli, Sr., then the Chairman of the Republican Party in the Town of Poughkeepsie, Basil Raucci, then the Tax Assessor for that town, and Lou Shassian, a real estate developer. Shassian had applied for a permit earlier that year to build a housing complex. That ap-

plication was rejected by the Republican-controlled Town Council. The purpose of the dinner meeting was to discuss resubmission of the Shassian project.

Without the knowledge of the respondent and the two town officials at the meeting, Shassian was cooperating with an FBI investigation into public corruption in the Town of Poughkeepsie and was wearing a concealed microphone. At one point during the meeting, Shassian inquired as to the cost of getting his project approved. Paroli did not respond, and Raucci deflected the question. At some point after the dinner, Shassian made a payoff to Raucci for Paroli's benefit.

In or about late 1997 to 1998, Paroli became aware of the government's interest in his activities and suspected Shassian's actions at the dinner meeting. Paroli discussed the dinner meeting with the respondent and suggested to him that Paroli had abruptly ended the meal when Shassian made the overture about a payoff.

The respondent was approached by an FBI agent in or about June 1998 with respect to his knowledge about various town matters. The respondent recounted his recollection of events leading up to the aforementioned incident and provided the FBI with Paroli's fabricated reaction to the payoff. The respondent also provided an Assistant United States Attorney with the same fabricated version of Paroli's reaction.

Charge Two alleges that the respondent gave false testimony under oath before a federal grand jury, which constitutes conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

On October 20, 1998, the respondent testified under oath before a federal grand jury investigating public corruption in the Town of Poughkeepsie. He testified that Paroli stood up and ended the meeting once Shassian raised a question about the cost to him. In the respondent's opinion, Paroli was offended by the comment, although the respondent did not attach undue significance to it. When asked whether Paroli left the table, the respondent testified that Paroli left first and the others followed. When the respondent was questioned about any conversations he had with Paroli, he did not disclose Paroli's suggestion that the respondent adopt his version of the events.

The respondent was interviewed at the United States Attorney's office on or about June 4, 1999, and was informed that

Shassian was a cooperating witness and that FBI agents had been listening to the conversation from the dinner meeting. When asked if he would like to correct any of his grand jury testimony, the respondent admitted that he understood from his conversation with Paroli that the latter wanted the respondent to adopt his version of events if questioned about the dinner meeting. The respondent adopted Paroli's version of events and testified falsely before the grand jury concerning Paroli's reaction to the offer of a payoff.

Charge Five alleges that the respondent made false statements in a written answer to the petitioner, which constitutes conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent was retained in or about 1997, on a pro bono basis, to represent his cousin, Blaine Schamberg, in a dispute with Roseann Delfino involving the custody of the couple's son.

In January 2000 Delfino filed a complaint with the petitioner alleging, inter alia, that the respondent caused Schamberg's signatures to be forged, and then falsely notarized those signatures on several petitions that he filed on Schamberg's behalf with the Family Court, Dutchess County. In his answer, the respondent stated that his secretary signed Schamberg's name to the petitions filed with the court. Once Schamberg executed the original petitions in the respondent's presence, the respondent placed his notary stamp and signature on the additional file copies and instructed his secretary to conform the copies and file the original with the court so that conformed copies could be served upon Ms. Delfino. Instead of filing the original petitions with the court, the respondent's secretary filed the conformed copies.

Based on the evidence adduced, the motions by the petitioner and the respondent are granted to the extent of sustaining Charges One, Two, and Five and not sustaining Charge Three. The motions are otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent has submitted two character letters attesting to his reputation for veracity.

The respondent's submissions to the Court contain an attack on the credibility of the petitioner's main witness, an FBI agent, and a claim that the Special Referee did not exercise independent judgment.

The petitioner informs the Court that the respondent previously received a letter of admonition, dated October 27, 1995,

for engaging in conduct which, at the very least, gave the appearance of representing parties with differing interests, in violation of Code of Professional Responsibility DR 5-105 (b) (22 NYCRR 1200.24 [b]).

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

SANTUCCI, J.P., ALTMAN, FEUERSTEIN, SMITH and S. MILLER, JJ., concur.

Ordered that the petitioner's motion is granted to the extent that Charges One, Two, and Five are sustained, and is otherwise denied; and it is further,

Ordered that the respondent's motion is granted to the extent that Charge Three is not sustained, and is otherwise denied; and it is further,

Ordered that the respondent, Frank E. Redl, is suspended from the practice of law for a period of five years, commencing September 11, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during the five-year period (a) he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Frank E. Redl shall desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.