[787 NYS2d 381]

In the Matter of FRANK E. REDL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 27, 2004

**APPEARANCES OF COUNSEL**

*Gary Casella*, White Plains (*Gloria Anderson Bunze* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By opinion and order of this Court dated August 25, 2003, the respondent was suspended from the practice of law for a period of five years in an unrelated proceeding (*Matter of Redl*, 308

AD2d 256 [2003]). By decision and order on application of this Court dated June 9, 2004, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon certain acts of professional misconduct, the issues raised were referred to the Honorable Jerome M. Becker, as Special Referee, to hear and report, within 30 days after receipt of a copy of that decision and order on application, the petitioner was directed to serve a petition upon the respondent and the Special Referee, and to file a copy with this Court, and the respondent was directed to serve an answer to the petition upon the petitioner and the Special Referee, and to file a copy with this Court within 10 days after his receipt of the petition. The petitioner moves to impose discipline against the respondent upon his default in answering the petition.

A petition of charges was personally served upon the respondent at his last known address on June 28, 2004. To date, the respondent has failed to serve an answer to the petition, notwithstanding the directive in this Court's decision and order on application dated June 9, 2004, that he do so within 10 days after his receipt of the petition.

The charges against the respondent were predicated upon his deliberate and repeated failure to respond to the petitioner's requests for written responses to two separate complaints. On July 27, 2004, Grievance Counsel and Special Referee Becker placed a conference call to the respondent to set a date for the disciplinary hearing but were unable to speak to him and left a detailed message. The respondent did not return the call. By letter dated July 30, 2004, Special Referee Becker advised Grievance Counsel and the respondent that the disciplinary hearing was scheduled for September 14, 2004. By letter dated August 2, 2004, Grievance Counsel notified the respondent that if the petitioner did not receive an answer to the petition by 5:00 P.M. on August 9, 2004, it would immediately move to impose discipline upon him based upon his default. The respondent failed to comply.

Although the respondent was served by mail on August 10, 2004, with a copy of this motion to impose discipline upon him based upon his default, he failed to serve any response.

Accordingly, the petitioner's motion is granted, the charges in the petition are deemed established, the respondent is disbarred on default, and effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and SMITH, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Frank E. Redl, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Frank E. Redl, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Frank E. Redl, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Frank E. Redl, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).